UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAUL CROES,

    Plaintiff,

v.                                                                                                       Case No: 6:24-cv-1466-JSS-LHP

NATIONWIDE MUTUAL
INSURANCE COMPANY,

    Defendant.
_____/

# ORDER

Plaintiff, Raul Croes, moves to remand this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Civil Division, Case Number 482024CA005454A001OX [2024-CA-005454-O]. (Dkt. 14.) Plaintiff also requests the just costs and actual expenses, including attorney fees, that he incurred because Defendant, Nationwide Mutual Insurance Company, improperly removed the case to this court. (*Id.* at 10.) Defendant has not responded to the motion to remand, and the time to respond has expired. *See* M.D. Fla. R. 3.01(c). Accordingly, under the Local Rules, "the motion is subject to treatment as unopposed." *Id.* Upon consideration, for the reasons outlined below, the court grants the motion to remand but denies the request for costs and expenses.

## BACKGROUND

In May 2024, Plaintiff filed a notice of intent to sue Defendant for underpayment of a property insurance policy. (Dkt. 14-1.) *See* Fla. Stat.

§ 627.70152(3)(a) ("As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department."). The notice lists a pre-suit settlement demand of $77,477 consisting of $67,477 in damages and $10,000 in attorney fees. (Dkt. 14-1 at 2.) In June 2024, Plaintiff initiated this case in state court asserting a breach of contract count for "more than $50,000[], exclusive of costs, interest[,] and attorney[] fees." (Dkt. 1-2 at 6, 8–9.) In the complaint, Plaintiff alleges that he is a Florida resident, (*id.* at 6), and he seeks reasonable attorney fees pursuant to various provisions of the Florida Statutes, (*id.* at 8–9).

On July 31, 2024, Plaintiff emailed Defendant with a settlement demand of $85,000 including attorney fees. (Dkt. 1-5.) On August 9, 2024, Defendant filed a notice of removal based on diversity jurisdiction. (Dkt. 1 at 2–5.) *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different [s]tates . . . ."); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."). In the notice of removal, Defendant claims that the requirement of complete diversity is met because Defendant is a citizen of Ohio, the state of its incorporation and its principal place of business, and Plaintiff is a citizen of Florida, as supported by his

allegation of Florida residence and by property records establishing his primary place of residence in Florida. (Dkt. 1 at 3.) To satisfy the amount in controversy requirement, Defendant relies on the email demanding $85,000. (*Id.* at 4–5.) On September 5, 2024, Plaintiff filed the instant motion seeking remand to state court. (Dkt. 14.)

## APPLICABLE STANDARDS

In ruling on motions to remand cases to the state courts from which the cases were removed, district courts "constru[e] removal statutes strictly and resolv[e] doubts in favor of remand." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006). "The burden of establishing federal jurisdiction falls on the party attempting to remove a case from state court." *Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1362 (M.D. Fla. 1998) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961)). "The removing party must make 'an affirmative showing . . . of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted.'" *Id.* (quoting *Gaitor*, 287 F.2d at 255). "If at any time before final judgment the district court issues an order remanding a case to state court because it lacks subject matter jurisdiction, that order is not reviewable." *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007). "This bar on appellate review of subject-matter-jurisdiction remands applies regardless of whether the jurisdictional defect was present at the time of removal or arose after." *Thomas v. Phoebe Putney Health Sys., Inc.*, 972 F.3d 1195, 1201 (11th Cir. 2020).

The "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees . . . turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney[] fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney[] fees." *Id.*

## ANALYSIS

Plaintiff does not dispute that the requirement of complete diversity is satisfied. (Dkt. 14 at 7.) However, Plaintiff contends that the amount in controversy does not exceed $75,000 because the requested attorney fees that Defendant combines with the alleged $67,477 in damages to meet the amount in controversy requirement are prospective amounts rather than fees accrued as of the time of removal. (*Id.* at 7–9.) Plaintiff further maintains that Defendant has failed to show that the requested attorney fees are reasonable. (*Id.* at 9.) The court agrees with Plaintiff.

"When a statute authorizes the recovery of attorney[] fees, a *reasonable* amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (emphasis added). Moreover, because the

"court's analysis of the amount[ ]in[ ]controversy requirement focuses on how much is in controversy at the time of removal, not later," *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010), the court "consider[s] only attorney[] fees *as of the time of removal*, . . . not those projected through a trial that may or may never occur," *Hernandez v. Scottsdale Ins. Co.*, 599 F. Supp. 3d 1226, 1231 (M.D. Fla. 2022) (emphasis added) (quotation omitted). Defendant has not satisfied its burden, *see Golden*, 1 F. Supp. 2d at 1362, of establishing that the attorney fees Plaintiff "incurred up to and until the time of removal carry [his] claim over the $75,000 requirement," *see Hernandez*, 599 F. Supp. 3d at 1231 ("To be certain, $3,352.33 [the difference between the $75,000 requirement and the alleged amount of damages] is not an exceptionally lofty sum. Still, [the defendant insurance company] has failed to identify sufficient evidence that would allow the [c]ourt to extrapolate that this is a reasonable amount of fees that [the plaintiff]'s counsel has incurred at the time of removal."). Accordingly, the court remands this case to state court.

"[T]hough remand is appropriate, an award of fees in [Plaintiff]'s favor is not" because under the circumstances, "the [c]ourt cannot find that [Defendant] lacked an objectively reasonable basis for seeking removal." *See id.* at 1232; *see also Martin*, 546 U.S. at 141. The court thus denies Plaintiff's request for costs and expenses.

## CONCLUSION

Accordingly:

1. Plaintiff's motion to remand (Dkt. 14) is **GRANTED**, but the request for just

costs and actual expenses contained therein is **DENIED**.

2. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Civil Division, Case Number 482024CA005454A001OX [2024-CA-005454-O]; to forward a certified copy of this order to that court; to terminate any motions and deadlines pending in this case; and to close the case file.

**ORDERED** in Orlando, Florida, on February 25, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record